UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMI P. HALLAM,

    Plaintiff,

v.    Case No: 8:21-cv-3005-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff's attorney moves the court to award attorney's fees pursuant to 42 U.S.C. § 406(b). (Motion, Dkt. 26.)[1] Defendant does not oppose the Motion. (*Id.*) Upon consideration, the Motion is granted.

## BACKGROUND

On December 29, 2021, Plaintiff filed a complaint seeking review of the denial of her claims for Social Security benefits. (Dkt. 1.) On July 1, 2022, the court granted the Commissioner of Social Security's Unopposed Motion for Entry of Judgment with Remand (Dkt. 18) and remanded the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 19.) Judgment was entered in Plaintiff's favor on July 5, 2022. (Dkt. 20.) Plaintiff was awarded prevailing party attorney's

---

[1] Plaintiff's attorney filed an original motion for attorney's fees on September 26, 2023 (Dkt. 25), and subsequently filed an amended motion (Dkt. 26). The court considers the amended Motion (Dkt. 26) here, and will deny the original motion (Dkt. 25) as moot.

fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,229.20. (Dkt. 24.) On remand, the Commissioner issued a favorable decision finding Plaintiff disabled as of September 5, 2019. (Dkt. 26-1 at 1.) From Plaintiff's award of past-due benefits, the Social Security Administration (SSA) withheld $15,362.23, which is 25% of Plaintiff's past-due benefits, for the payment of Plaintiff's legal fees. (*Id.* at 3.) In the Motion, Plaintiff's attorney seeks an award of $15,362.23 pursuant to 42 U.S.C. § 406(b) and a contingency fee agreement with Plaintiff. (Dkt. 22-1.) Defendant does not oppose the Motion. (Dkt. 26.)

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

Plaintiff's attorney seeks a contingency fee award of $15,362.23 for time spent on this matter. (Dkt. 26.) Plaintiff's attorney agues that the requested fee should be approved pursuant to the contingency fee agreement with Plaintiff (Dkt. 22-1) and that he has spent a total of 26.9 hours litigating this matter on behalf of Plaintiff. (Dkt. 26 at 2, Dkt. 21-2.) Pursuant to his contingency fee agreement with Plaintiff, Plaintiff agreed to pay his attorney "25% of past due benefits, less any fees obtained pursuant to [EAJA]." (Dkt. 22-1 at 1); *see Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (quotation omitted). Plaintiff's attorney represents that he will reimburse the $6,229.20 in EAJA fees to Plaintiff upon receipt of fees pursuant to § 406(b). (Dkt. 26 at 2–3.)

In assessing the reasonableness of a § 406(b) fee, courts consider whether the retainer agreement contains a fee agreement and whether the requested sum is less than 25% of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel 25% of any awarded retroactive benefits under the retainer agreement and the sum requested was less than 25% of the

awarded retroactive benefits). Courts also consider "the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808.

Here, Plaintiff agreed to pay his attorney 25% of the amount of past-due benefits that Plaintiff was awarded by the SSA and the requested fee of $15,362.23 does not exceed that amount. (Dkt. 26-1.) Additionally, counsel's representation of Plaintiff resulted in the court's order reversing and remanding the case back to the Commissioner (Dkts. 19, 20), and the Commissioner subsequently found Plaintiff disabled on remand (Dkt. 26-1). Upon review of the docket, the court also does not find that Plaintiff's attorney was responsible for delay in this matter, such that counsel would "profit from the accumulation of benefits during the pendency of the case in court." *See Gisbrecht*, 535 U.S. at 808.

Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Id.* However, this factor alone does not provide a sufficient basis for reducing the requested fee figure. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) ("*Gisbrecht* expressly rejected exclusive use of the lodestar method to assess the reasonableness of attorney's fees [and] the district court's reliance on only the lodestar method was an abuse of discretion."). Plaintiff's attorney seeks an award of fees equivalent to a de facto hourly rate of approximately $571 per hour ($15,362.23 ÷ 26.9). Upon consideration, the court finds that the requested contingency fee here is not unreasonable, and indeed, courts in this district have approved contingency fees that exceed the de facto hourly rate requested by Plaintiff's attorney. *See, e.g., Couture v. Acting Comm'r of Soc. Sec.*, No.

8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving de facto hourly rate of approximately $1,390); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*, No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000).

Accordingly,

1. Plaintiff's Attorney's Amended Unopposed Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**.

2. The court approves the attorney's fees requested by counsel as reasonable. Plaintiff's attorney, Enrique Escarraz, III, is awarded $15,362.23 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of these funds, Plaintiff's attorney shall promptly refund to Plaintiff the previously awarded EAJA fees of $6,229.20.

4. Plaintiff's Attorney's original Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. 25) is **denied as moot**.

**ORDERED** in Tampa, Florida, on October 20, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record